IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIANA GONZALEZ,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES; NISSAN MOTOR ACCEPTANCE CORPORATION EQUIFAX INFORMATION SERVICES LLC and TRANS UNION LLC,<br><br>   Defendants. | Case No. 1:19-cv-08515 |

## COMPLAINT

NOW COMES ADRIANA GONZALEZ, through undersigned counsel, complaining of AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES; NISSAN MOTOR ACCEPTANCE CORPORATION; EQUIFAX INFORMATION SERVICES LLC and TRANS UNION LLC, as follows:

### NATURE OF THE ACTION

1. Plaintiff is seeking damages for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

1

4. ADRIANA GONZALEZ ("Plaintiff") is a natural person, who at all times relevant resided in Oswego, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES ("AHFC") is a corporation organized under the laws of California.

8. AHFC has its principal place of business at 20800 Madrona Avenue, Torrance, California 90503.

9. AHFC is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

10. NISSAN MOTOR ACCEPTANCE CORPORATION ("NMAC") is a corporation organized under the laws of California.

11. NMAC has its principal place of business at One Nissan Way, Franklin, Tennessee 37067.

12. NMAC is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

13. EQUIFAX INFORMATION SERVICES LLC ('Equifax") is a limited liability company organized under the laws of Georgia.

14. Equifax has its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309

15. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

16. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

17. TRANS UNION LLC ('Trans Union") is a limited liability company organized under the laws of Delaware.

18. Trans Union has its principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

19. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

20. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

21. On July 8, 2013, Plaintiff purchased a 2013 Honda Civic (the "Civic"), financing it through an installment loan ("AHFC Loan") with AHFC.

22. This AHFC Loan is secured by an interest in the Civic.

23. On March 6, 2014, Plaintiff purchased a 2014 Nissan Rogue (the "Rogue"), financing it through an installment loan ("NMAC Loan") with MNAC.

24. This MNAC Loan is secured by an interest in the Rogue.

25. On March 31, 2015, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

26. On April 7, 2015, NMAC filed a proof of claim (Claim 1-1).

27. In its proof of claim, NMAC stated that it held a secured claim for $24,947.52.

28. On April 22, 2015, AHFC filed a proof of claim (Claim 2-1).

29. In its proof of claim, AHFC stated that it held a secured claim for $20,278.40.

30. The confirmed Chapter 13 Plan, dated May 13, 2015 (the "The Confirmed Plan"), provided:

> ■ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section E.** *Disbursements by the trustee.* The trustee shall disburse payments received from the debtor under this plan as follows:

> 3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):
>
>> (a) Creditor: **American Honda Finance** Collateral: **2013 Honda Civic** Amount of secured claim: **$20,278.40** APR: **5.19%** Fixed monthly payment: **$384.45**; Total estimated payments, including interest, on the claim: **$23,066.74**.

**Section G.** *Special terms.* Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Special Terms** [*as provided in Paragraph G*]

2. Debtor shall make direct payments to Nissan Motor Acceptance for 2014 Nissan Rogue with 12,000 miles. Nissan Motor Acceptance is authorized to send monthly statements directly to the Debtor.

31.  Between May 13, 2015 and March 9, 2018, Chapter 13 Trustee, Glenn B. Stearns made $13,850.85 in disbursements to AHFC on Claim 2-1.

32.  Every month, Plaintiff submits $445.00 payments to NMAC directly.

**Credit Reporting Issues**

33.  Plaintiff obtained a 3-Bureau Credit Report.

34.  Despite having received $13,850.85 through Plaintiff's Chapter 13 Plan, AHFC wrongly reported to Equifax:

- Plaintiff's "Balance Amount" as "*$0*"

- Plaintiff's "Date of Last Payment" as "*03/2015*"

35. Despite having received monthly payments from Plaintiff *directly*, NMAC wrongly reported to Equifax:

- Plaintiff's "Balance Amount" as "*$0*"
- Plaintiff's "Actual Payment Amount" as "*$0*"
- Plaintiff's "Scheduled Payment Amount" as "*$0*"
- Plaintiff's "Status" as "***Included in Wage Earner Plan***"

36. Despite having received monthly payments from Plaintiff *directly*, NMAC wrongly reported to Trans Union:

- Plaintiff's "Balance" as "*$0*"
- Plaintiff's "Remarks" as "***Chapter 13 Bankruptcy***"

37. On March 21, 2018, Plaintiff mailed credit dispute letters to Equifax and Trans Union by First-Class Mail®.

38. Plaintiff's credit dispute letter voiced Plaintiff's concerns and requested Equifax and Trans Union review and correct AHFC and NMAC's inaccurate/incomplete reporting.

39. Equifax received and promptly notified AHFC and NMAC of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

40. Trans Union received and promptly notified AHFC and NMAC of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

41. On or around April 19, 2018, Equifax mailed Plaintiff dispute results.

42. Plaintiff's Equifax dispute results stated, in part:

> **>>> We have researched the credit account.  Account # - 16787*  The results are:** We have verified that the last payment date is reporting correctly.  We have verified that the date closed and date opened are reporting correctly.  If you have additional questions about this item please contact: **American Honda Finance, 2170 Point Blvd Ste 100, Elgin IL 60123-7875 Phone (800) 542-0029**

**Balance Amount**: $0
**Date of Last Payment**: 03/2015

*********************************************************************************

**>>> *We have researched the credit account. Account # - 10240782579* The results are*:** This creditor has verified to OUR company that the current status is being reported correctly. Please be advised that account included in bankruptcy does not report any late payments. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *DATE OF LAST PAYMENT *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: ***Nissan Motor Acceptance, 7900 Ridgepoint Dr, IRVING TX 75063-3153 Phone (800) 456-6622***

**Balance Amount**: $0
**Actual Payment Amount**: $0
**Scheduled Payment Amount**: $0
**Status**: Included in Wage Earner Plan
**ADDITIONAL INFORMATION**: Bankruptcy Chapter 13

43. On or around April 24, 2018, Trans Union mailed Plaintiff investigation results.

44. Plaintiff's Trans Union investigation results stated, in part:

> **INVESTIGATION RESULTS – DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED: A change was made to the item(s) based on your dispute and other information has also changed.**

**NISSAN MOTOR ACCEPTANCE** #10240782579**** ( PO BOX 660366, DALLAS, TX 75266-0366, (800) 777-6700 )
We investigated the information you disputed and updated: **Date Updated; Last Payment Made; Pay Status; Remarks; Rating.** Here is how this item appears on your credit report following our investigation.

**Pay Status:** >Account Included in Bankruptcy<
**Remarks:** >CHAPTER 13 BANKRUPTCY<; DISP INVG COMP-RPT BY GRNTR

### Damages

45. To date, AHFC and NMAC continue to transmit *incomplete* information pertaining

to Plaintiff's accounts to Equifax and Trans Union.

46. Incomplete reporting of Plaintiff's AHFC Loan produces a materially misleading impression that Plaintiff has not paid AHFC since March 2015 in spite of AHFC continued acceptance of monthly payments from Chapter 13 Trustee.

47. Incomplete reporting of Plaintiff's NMAC Loan produces a materially misleading impression that this loan is included in bankruptcy with zero balance, with zero payment history in spite of NMAC continued acceptance of monthly payments from Plaintiff directly.

48. Accordingly, Plaintiff continues to be harmed by Defendants' incomplete reporting of Plaintiff's accounts.

49. Defendants' incomplete credit reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

50. Defendants' incomplete credit reporting has rendered Plaintiff helpless to regain control of her credit standing and creditworthiness.

51. As result, Plaintiff is forced to file this case to compel Defendants to report Plaintiff's accounts *completely*.

## CLAIMS FOR RELIEF

### Count I:
### AHFC's violation(s) of 15 U.S.C. § 1681 *et seq.*

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

### AHFC's failure to conduct an investigation

54. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

    (A)    Conduct an investigation with respect to the disputed information;

    (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

    (C)    Report the results of the investigation to the consumer reporting agency;

    (D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

        (i)    Modify that item of information;

        (ii)    Delete that item of information; or

        (iii)    Permanently block the reporting of that item of information.

55. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), AHFC received Plaintiff's credit dispute letter from Equifax.

56. AHFC violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

57. AHFC violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

58. Had AHFC conducted a reasonable investigation, AHFC would have discovered that Plaintiff's Loan remained open.

59. Had AHFC conducted a reasonable investigation, AHFC would have discovered they were receiving monthly Chapter 13 Trustee disbursements.

60. AHFC violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

61. AHFC violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

62. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

63. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

64. AHFC's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find AHFC in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of AHFC's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

### Count II: NMAC's violation(s) of 15 U.S.C. § 1681 *et seq.*

65. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

66. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**NMAC's failure to conduct an investigation**

67. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

   (A) Conduct an investigation with respect to the disputed information;

   (B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

   (C) Report the results of the investigation to the consumer reporting agency;

   (D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

   (E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

      (i) Modify that item of information;

      (ii) Delete that item of information; or

      (iii) Permanently block the reporting of that item of information.

68. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), NMAC received Plaintiff's credit dispute letter from Equifax and Trans Union.

69. NMAC violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

70. NMAC violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and Trans Union.

71. Had NMAC conducted a reasonable investigation, NMAC would have discovered that Plaintiff's Loan was not included in bankruptcy.

72. Had NMAC conducted a reasonable investigation, NMAC would have discovered that they were receiving monthly payments from Plaintiff directly.

73. NMAC violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax and Trans Union.

74. NMAC violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

75. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

76. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

77. NMAC's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find NMAC in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of NMAC's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

### Count III:
### Equifax violation(s) of 15 U.S.C. § 1681 *et seq.*

78. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Equifax's failure to follow reasonable procedures**

79. Section 1681e(b) requires credit reporting agencies such as Equifax to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

80. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

81. Upon information and belief, on multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

82. Upon information and belief, Equifax furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

### Equifax's failure to conduct a reasonable investigation

83. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

84. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

85. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed information to AHFC *and/or* NMAC before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

86. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

87. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that line of information from Plaintiff's credit file, or modify Plaintiff's credit file, as appropriate, based on the results of the reinvestigation.

88. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

89. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

90. Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

B. award any actual damages to Plaintiff as a result of Equifax's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

### Count IV:
### Trans Union's violation(s) of 15 U.S.C. § 1681 *et seq.*

91. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Trans Union's failure to follow reasonable procedures**

92. Section 1681e(b) requires credit reporting agencies such as Trans Union to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

93. Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

94. Upon information and belief, on multiple and numerous occasions, Trans Union prepared patently inaccurate consumer reports concerning Plaintiff.

95. Upon information and belief, Trans Union furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**Trans Union's failure to conduct a reasonable investigation**

96. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable

reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

97. Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's credit dispute letter.

98. Trans Union violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed information to NMAC before the expiration of the 5-business-day period beginning on the date on which Trans Union received Plaintiff's credit dispute letter.

99. Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

100. Trans Union violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that line of information from Plaintiff's credit file, or modify Plaintiff's credit file, as appropriate, based on the results of the reinvestigation.

101. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (B)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(4) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

102. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

    (3) any actual damages sustained by the consumer as a result of the failure; and

    (4) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

103. Trans Union's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

    A. find Trans Union in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

    B. award any actual damages to Plaintiff as a result of Trans Union's violation;

    C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

    D. award any punitive damages, as the Court may allow;

    E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

    F. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 31, 2019                                        Respectfully submitted,

**ADRIANA GONZALEZ**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com